IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRANDON D. MIDKIFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EQUIFAX INFORMATION SERVICES, LLC, TRANSUNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and NAVIENT SOLUTIONS, INC., | ) CASE NO. 1:20-cv-01962-TWP-MJD ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANT NAVIENT SOLUTIONS, LLC'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Defendant Navient Solutions, Inc. n/k/a Navient Solutions, LLC ("NSL") hereby makes the following answers and objections to Plaintiff Brandon D. Midkiff's Second Set of Interrogatories.

**Preliminary Statement**

Each of the following responses is made subject to any and all objections as to competence, relevance, or other grounds that would require exclusion of such statement if made by a witness present and testifying in court. Any and all such objections and grounds are expressly reserved and may be interposed at the time of trial.

NSL's answers are based on its present knowledge, information, and belief, as derived from a review of the files maintained by NSL that would be likely to contain the information called for by the Interrogatories. These answers are subject to amendment and supplementation as NSL acquires additional information through investigation and discovery.

NSL has based its answers on the assumption that Plaintiff did not intend to seek information protected against discovery by the attorney-client privilege, the work product doctrine,

or any other applicable privilege or immunity. To the extent Plaintiff's Interrogatories call for such information, NSL objects and asserts these privileges and immunities to the fullest extent provided by law.

NSL is responding to Plaintiff's Interrogatories in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure. To the extent these Interrogatories exceed the scope of these Rules, NSL objects.

Investigation and discovery are ongoing. NSL reserves the right to amend or supplement these responses.

These answers are provided solely for the purpose of and in relation to this action.

## Answers and Objections to Interrogatories

**INTERROGATORY NO. 8:** Identify all documents and witnesses which support your contention that Navient was unable to substantiate Plaintiff's fraud allegations because he refused to cooperate with the fraud investigation and provide information necessary to investigate his claims.

**ANSWER:** NSL objects to the premise of this Interrogatory and states that its exhibits and witnesses will be disclosed in accordance with the applicable Case Management Plan deadlines. NSL also objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege, work product doctrine, or other privilege or protection against disclosure, and calls for the mental impressions of counsel. NSL objects that this Interrogatory's request for "all documents and witnesses" is overly broad, unduly burdensome, and ambiguous because it is impossible to represent, even after diligent search, that every "document" and "witness" possibly related to this Interrogatory has been included. NSL objects that this

Interrogatory seeks the identification of both witnesses and documents, and therefore counts as multiple discrete subparts rather than a single interrogatory.

Subject to and without waiving the foregoing objections, and without excluding any other information contained in NSL's records, NSL responds that its fraud investigation files and notes, as well as its account notes, reflect that NSL's employees requested Plaintiff to produce certain information in the course of NSL's investigation into his allegations, and Plaintiff failed to do so. Pursuant to Fed. R. Civ. P. 33(d), NSL directs Plaintiff to those documents, which NSL is producing in discovery in response to Request No. 4.

**INTERROGATORY NO. 9:** Identify all documents and witnesses which support your contention that Plaintiff was aware of the existence of this loan more than a decade ago.

**ANSWER:** NSL objects to the premise of this Interrogatory and states that its exhibits and witnesses will be disclosed in accordance with the applicable Case Management Plan deadlines. NSL also objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege, work product doctrine, or other privilege or protection against disclosure, and calls for the mental impressions of counsel. NSL objects that this Interrogatory's request for "all documents and witnesses" is overly broad, unduly burdensome, and ambiguous because it is impossible to represent, even after diligent search, that every "document" and "witness" possibly related to this Interrogatory has been included. NSL objects that this Interrogatory seeks the identification of both witnesses and documents, and therefore counts as multiple discrete subparts rather than a single interrogatory.

Subject to and without waiving the foregoing objections, and without excluding any other information contained in NSL's records, NSL responds that its records reflect that NSL sent correspondence regarding the loan at issue to Plaintiff on a regular basis for more than a decade.

3

NSL has verified that these letters were sent to addresses where Plaintiff is known to have resided, and NSL is not aware of any evidence that said correspondence was returned as undeliverable. Pursuant to Fed. R. Civ. P. 33(d), NSL directs Plaintiff to these documents, which NSL is producing in discovery in response to Request No. 4.

**INTERROGATORY NO. 10:** Identify all documents and witnesses which support your contention that Plaintiff was aware of the loan and that it was his obligation.

**ANSWER:** NSL objects to the premise of this Interrogatory and states that its exhibits and witnesses will be disclosed in accordance with the applicable Case Management Plan deadlines. NSL also objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege, work product doctrine, or other privilege or protection against disclosure, and calls for the mental impressions of counsel. NSL objects that this Interrogatory's request for "all documents and witnesses" is overly broad, unduly burdensome, and ambiguous because it is impossible to represent, even after diligent search, that every "document" and "witness" possibly related to this Interrogatory has been included. Additionally, NSL objects that such Interrogatory seeks a narrative response more appropriate for deposition, and where such information has already been provided in records produced, or to be produced, by NSL. NSL further objects that the information called for by this Interrogatory is equally available to Plaintiff. NSL objects that this Interrogatory seeks the identification of both witnesses and documents, and therefore counts as multiple discrete subparts rather than a single interrogatory.

Subject to and without waiving the foregoing objections, and without excluding any other information contained in NSL's records, NSL responds that its records reflect that NSL sent correspondence regarding the loan at issue to Plaintiff on a regular basis for more than a decade, during which time Plaintiff appears to have made no effort to contest the loan. NSL has verified

that these letters were sent to addresses where Plaintiff is known to have resided, and NSL is not aware of any evidence that said correspondence was returned as undeliverable. In addition, NSL received a report from the Carmel Police Department wherein Plaintiff indicated he was aware of the loan years before he contested his obligation on the loan. Pursuant to Fed. R. Civ. P. 33(d), NSL directs Plaintiff to these documents, which NSL is producing in discovery in response to Request No. 4. Discovery is ongoing and NSL reserved the right to supplement.

**INTERROGATORY NO. 11:** Identify any evidence that Plaintiff actually received regular correspondence regarding this loan on a near-annual basis.

**ANSWER:** NSL objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege, work product doctrine, or other privilege or protection against disclosure, and calls for the mental impressions of counsel. NSL further objects that the information called for by this Interrogatory is equally available to Plaintiff.

Subject to and without waiving the foregoing objections, and without excluding any other information contained in NSL's records, NSL responds that its records reflect that NSL sent correspondence regarding the loan at issue to Plaintiff on a regular basis for more than a decade. NSL has verified that these letters were sent to addresses where Plaintiff is known to have resided, and NSL is not aware of any evidence that said correspondence was returned as undeliverable. Pursuant to Fed. R. Civ. P. 33(d), NSL directs Plaintiff to these documents, which NSL is producing in discovery in response to Request No. 4.

**INTERROGATORY NO. 12:** Identify the date on which you began and concluded the "previously conducted ID theft investigation" which you reference in your July 15, 2020 letter to Plaintiff.

5

**ANSWER:** NSL objects that the scope of this Interrogatory is duplicative of Interrogatory No. 13 below.

Subject to and without waiving the foregoing objections, NSL responds that it began investigating Plaintiff's allegations of fraud and identity theft on or about October 17, 2019, and conducted further investigation of such claims throughout late 2019 and into 2020, including upon receipt of communications from Plaintiff and/or the credit reporting agencies. After several attempts to obtain additional information from Plaintiff were unsuccessful and considering the information NSL had at its disposal, NSL was unable to substantiate Plaintiff's allegations. Accordingly, NSL closed its investigation into Plaintiff's claims on or about July 15, 2020. NSL further responds that information responsive to this Interrogatory, including relevant dates of NSL's investigation activities, may be ascertained by reference to its fraud investigation notes and files. Pursuant to Fed. R. Civ. P. 33(d), NSL directs Plaintiff to these documents, which NSL is producing in discovery in response to Request No. 4.

**INTERROGATORY NO. 13:** Identify all ID theft investigations you conducted related to the account at issue in this case, including the "previously conducted ID theft investigation" which you reference in your July 15, 2020 letter to Plaintiff. For each ID theft investigation identify:

13.1. The date on which you began the investigation;

13.2. The date you concluded the investigation;

13.3. All documents related in any way to the investigation;

13.4. All persons who participated in the investigation;

13.5. All internal email correspondence related to the investigation or sent to or among the persons who participated in the investigation; and

13.6. All notes contained within any database system in which you store information regarding the investigation and/or the account at issue in this case.

**ANSWER:** NSL objects that this Interrogatory seeks the identification of witnesses, documents, and substantive information, and therefore counts as multiple discrete subparts rather than a single interrogatory. NSL further objects to the extent this Interrogatory calls for information protected by the attorney-client privilege, work product doctrine, or other privilege or protection against disclosure.

Subject to and without waiving the foregoing objections, NSL responds that information responsive to this Interrogatory, including relevant dates of NSL's investigation activities, may be ascertained by reference to NSL's fraud investigation files and account notes. Pursuant to Fed. R. Civ. P. 33(d), NSL directs Plaintiff to these documents, which NSL is producing in discovery in response to Request No. 4.

**Verification**

I, Carl O. Cannon, state that I am authorized to make this Verification on behalf of Navient Solutions, LLC. I have read the foregoing Answers to Plaintiff's Second Set of Interrogatories. I declare under penalty of perjury that the foregoing responses are true and correct to the best of my knowledge and belief, based on my review of the books and records maintained by Navient Solutions, LLC.

*Carl O. Cannon*
_____
Signed

Carl O. Cannon
_____
Printed Name

Sr. Account Analyst
_____
Title

01/26/2021
_____
Date


Respectfully submitted,

/s/ Justin A. Allen
_____
Bonnie L. Martin, IN 20248-18
Justin A. Allen, IN 31204-49
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
111 Monument Circle, Suite 4600
Indianapolis, IN 46204
Telephone: 317.916.1300
Facsimile: 317.916.9076
*bonnie.martin@ogletree.com*
*justin.allen@ogletree.com*

Attorneys for Defendant
Navient Solutions, LLC f/k/a Navient Solutions, Inc.

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 29, 2021, a copy of the foregoing document was served via electronic mail and U.S. First Class Mail on all counsel of record:

Travis W. Cohron
Clark Quinn Moses Scott & Grahn, LLP
320 N. Meridian St., Suite 1100
Indianapolis, IN 46204
tcohron@clarkquinnlaw.com

Guerino Cento
CENTO LAW
5666 Carrollton Ave.
Indianapolis, IN 46220
cento@centolaw.com

                                    */s/ Justin A. Allen*