IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRANDON D. MIDKIFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EQUIFAX INFORMATION | ) CASE NO. 1:20-cv-01962-TWP-MJD |
| SERVICES, LLC, TRANSUNION, LLC, | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC., and NAVIENT | ) |
| SOLUTIONS, INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT NAVIENT SOLUTIONS, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Navient Solutions, LLC f/k/a "Navient Solutions, Inc." ("NSL") hereby makes the following responses and objections to Plaintiff Brandon D. Midkiff's ("Plaintiff") First Set of Requests for Production of Documents Directed to Defendant.

**Preliminary Statement**

NSL has based its responses on the assumption that Plaintiff did not intend to seek information protected against discovery by the attorney-client privilege, the work product privilege, or any other applicable privilege or immunity. To the extent the Plaintiff's requests call for such information, NSL objects and asserts these privileges and immunities to the fullest extent provided by law.

NSL is responding to Plaintiff's requests in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure. To the extent these requests exceed the scope of these Rules, NSL objects.

Investigation and discovery are ongoing. NSL reserves the right to amend or supplement these responses.

These answers are provided solely for the purpose of and in relation to this action.

**Requests for Production**

**REQUEST NO. 1:** A copy of all manuals, memorandum, notices, training materials, or other guidance created, provided, or in effect between August 2019 relating to Navient's, or Navient's agents and subcontractors, policies and procedures to assure compliance with the Fair Credit Reporting Act, including without limitation its procedures for preventing and correcting the reporting of credit information involving identity theft and to correct credit reports or credit files that include credit information relating to identity theft.

**RESPONSE:** NSL objects that the scope of this Request is overly broad, unduly burdensome, and disproportionate to the parties' needs in discovery. In particular, this Request broadly seeks NSL's "policies and procedures" without regard for whether such policies and procedures have any relevance to the parties' claims or defenses in this litigation. NSL further objects to the extent this Request seeks documents protected by the attorney-client privilege, work product doctrine, or other privilege or protection against disclosure. NSL objects that this Request is duplicative of other requests made herein.

**REQUEST NO. 2:** Full and complete copies of the Loan application and origination file including all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents related to the Loan.

**RESPONSE:** NSL objects that the scope of this Request is overly broad, unduly burdensome, and disproportionate to the parties' needs in discovery. In particular, this Request seeks a variety of documents which are entirely irrelevant to the parties' claims and defenses in

this litigation. NSL also objects to a request for an "application and origination file" as NSL is not the lender of the student loan at issue and certain of these documents are not within its custody or control. NSL further objects to the extent this Request seeks documents protected by the attorney-client privilege, work product doctrine, or other privilege or protection against disclosure. NSL objects that this Request is duplicative of other requests made herein.

Subject to and without waiving the foregoing objections, NSL responds that the scope of this Request is duplicative of Request No. 4 below. NSL directs Plaintiff to its objections and response to Request No. 4 below, including the documents produced in response.

**REQUEST NO. 3:** A full and complete copy of the repayment agreement(s), contract(s), or other memoranda setting forth or describing the terms, limitations, and/or scope of Navient's servicing duties as they relate to the Loan.

**RESPONSE:** NSL objects that the scope of this Request is overly broad, unduly burdensome, and disproportionate to the parties' needs in discovery. In particular, this Request seeks a variety of documents which are entirely irrelevant to the parties' claims and defenses in this litigation. NSL further objects to the extent this Request seeks documents protected by the attorney-client privilege, work product doctrine, or other privilege or protection against disclosure.

Subject to and without waiving the foregoing objections, NSL will produce the promissory note for the student loan at issue in this case in response to Request No. 4 below.

**REQUEST NO. 4:** A full complete copy of Navient's entire file relative to the Loan, including without limitation a full and complete copy of all notes, collection notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents generated in connection with this loan as well as all correspondence and documents directed to Midkiff or

received by Navient from Midkiff, including without limitation all recordings of all telephone calls between Midkiff and any representative of Navient.

**RESPONSE:** NSL objects that the scope of this Request is overly broad, unduly burdensome, and disproportionate to the parties' needs in discovery. In particular, this Request seeks a variety of documents which are entirely irrelevant to the parties' claims and defenses in this litigation and which have no relationship with NSL's investigation underlying Plaintiff's claims under the FCRA. NSL further objects to the extent this Request seeks documents protected by the attorney-client privilege, work product doctrine, or other privilege or protection against disclosure. NSL objects that this Request is duplicative of other requests made herein.

Subject to and without waiving the foregoing objections, Navient is producing responsive, non-privileged documents, including the promissory note, loan application, relevant correspondence sent to and received from Plaintiff, call logs for phone calls made to and received from Plaintiff during the relevant time period, relevant call recordings for phone calls made to and received from Plaintiff, and NSL's fraud investigation file and notes.

**REQUEST NO. 5:** Full and complete copies of all servicing manuals, memoranda, notes, policies, and employee training materials related to reviewing, analyzing, and/or responding to any correspondence from a borrower regarding concerns or potential errors, including forgery or identity theft, with their loans.

**RESPONSE:** NSL objects that the scope of this Request is overly broad, unduly burdensome, and disproportionate to the parties' needs in discovery. In particular, this Request lacks any limitations as to temporal scope and is not limited to the substance of the parties claims and defenses in this litigation. NSL further objects to the extent this Request seeks documents

4

protected by the attorney-client privilege, work product doctrine, or other privilege or protection against disclosure. NSL objects that this Request is duplicative of other requests made herein.

Subject to and without waiving the foregoing objections, NSL responds that the scope of this Request is duplicative of Request No. 1 above. NSL directs Plaintiff to its objections and response to Request No. 1 above.

**REQUEST NO. 6:** Full and complete copies of any and all contracts and vendor policies that Navient has with any outside entity or vendor that Navient utilizes for the mailing of any notices related to the Loan, including without limitation for mailing acknowledgements of, or responses to, correspondence from a borrower regarding concerns or potential errors, including forgery or identity theft, with their loans.

**RESPONSE:** NSL objects that the scope of this Request is overly broad, unduly burdensome, and disproportionate to the parties' needs in discovery. In particular, this Request seeks a variety of documents which are entirely irrelevant to the parties' claims and defenses in this litigation. NSL further objects to the extent this Request seeks documents protected by the attorney-client privilege, work product doctrine, or other privilege or protection against disclosure.

Subject to and without waiving the foregoing objections, NSL responds that it did not use any outside entity or vendor for the mailing of any correspondence sent to Plaintiff regarding the loan (and being produced in response to Request #4). As such, NSL has no documents responsive to this Request in its possession, custody, or control.

**REQUEST NO. 7:** A full and complete copy of the employment file of each Navient employee who was personally involved in the investigation or review of Navient's various written correspondence provided by Midkiff or on their behalf, the preparation of any response to

5

Midkiff's various written correspondence, was a party to any telephone conversation with Midkiff, or was otherwise tasked by Navient to correct any errors associated with the Loan.

**RESPONSE:** NSL objects that the scope of this Request is overly broad, unduly burdensome, and disproportionate to the parties' needs in discovery. In particular, the personnel files of NSL's non-party employees are entirely irrelevant to the parties' claims and defenses in this litigation. This Request is therefore harassing, oppressive, an attempted invasion of privacy, and an improper fishing expedition.

**REQUEST NO. 8:** Copies of communications, ACDV's, dispute letters, received by Navient from Equifax, Trans Union, or Experian pertaining to either of Midkiff.

**RESPONSE:** NSL objects to the extent this Request seeks any communications which would be protected by the common interest or joint defense privilege, work product doctrine, or other applicable protection or privilege against disclosure. NSL objects that the phrase "pertaining to either of Midkiff" is vague, ambiguous, and confusing. NSL also objects in that this Request does not have any temporal limitations and is therefore not limited to the time period at issue.

Subject to and without waiving the foregoing objections, NSL responds that it is producing responsive, non-privileged documents, including ACDV's received throughout 2020.

**REQUEST NO. 9:** A copy of the employment file of each Navient employee, or employee of any of Navient's contractors, who communicated with Midkiff, worked on any aspect of Midkiff's credit reporting disputes or altered any information in Midkiff's file. Alternatively, Navient may produce a list of the foregoing individuals with full name, employer, job title, department, and addresses of primary work location.

**RESPONSE:** NSL objects that the scope of this Request is overly broad, unduly burdensome, and disproportionate to the parties' needs in discovery. In particular, the personnel files of NSL's non-party employees and/or contractors are entirely irrelevant to the parties' claims and defenses in this litigation. This Request is therefore harassing, oppressive, an attempted invasion of privacy, and an improper fishing expedition. NSL further objects that this Request takes the form of an interrogatory by improperly asking NSL to create documents or list information in order to comply, an inappropriate request which exceeds the scope of Fed. R. Civ. P. 34.

**REQUEST NO. 10:** A copy of all manuals, memorandum, notices, training materials, or other guidance created, provided, or in effect between August 2019 to present relating to Navient, or Navient's agents and subcontractors, policies and procedures to assure compliance with 15 U.S.C. § 1681i, including without limitation its procedures for deleting or correcting inaccurate or unverifiable information.

**RESPONSE:** NSL objects that the scope of this Request is overly broad, unduly burdensome, and disproportionate to the parties' needs in discovery. In particular, this Request is not limited to the substance of the parties claims and defenses in this litigation. NSL further objects to the extent this Request seeks documents protected by the attorney-client privilege, work product doctrine, or other privilege or protection against disclosure. NSL objects that this Request is duplicative of other requests made herein.

Subject to and without waiving the foregoing objections, NSL responds that the scope of this Request is duplicative of Request No. 1 above. NSL directs Plaintiff to its objections and response to Request No. 1 above.

**REQUEST NO. 11:** Please produce copies of all complaints (lawsuits) filed in the last three years naming Navient as a defendant and entailing allegations of its failure to properly investigate or respond to disputed debts or credit reporting associated with an alleged act of identity theft. Alternatively, Navient may produce a list of the foregoing lawsuits identifying the full caption, cause number, and filing date.

**RESPONSE:** NSL objects that this Request is irrelevant to any party's claims or defenses in this lawsuit. The Request is therefore overly broad, unduly burdensome, disproportionate to the parties' needs in discovery, and an improper fishing expedition. NSL objects that the information called for in this Request is publicly-available information which is equally obtainable by Plaintiff. NSL further objects that this Request takes the form of an interrogatory by improperly asking NSL to create documents or list information in order to comply, an inappropriate request which exceeds the scope of Fed. R. Civ. P. 34.

**REQUEST NO. 12:** Copies of any and all documents utilized or otherwise relied upon by Navient in reviewing, researching, drafting, and submitting the responses produced in response to the immediately preceding request.

**RESPONSE:** NSL objects that this Request is irrelevant to any party's claims or defenses in this lawsuit. The Request is therefore overly broad, unduly burdensome, disproportionate to the parties' needs in discovery, and an improper fishing expedition. NSL objects to the extent this Request calls for information protected by the attorney-client privilege, work product doctrine, or other applicable privilege or protection against disclosure. NSL further objects to the extent that the information called for in "the immediately preceding request" is publicly available information which is equally obtainable by Plaintiff.

**REQUEST NO. 13:** Each and every document identified in any response to any interrogatory served by Midkiff in this matter.

**RESPONSE:** NSL objects that this Request is an impermissible "catch-all" which does not fairly describe the documents requested with reasonable particularity. NSL objects to the extent this Request calls for information protected by the attorney-client privilege, work product doctrine, or other applicable privilege or protection against disclosure. NSL further objects to the extent this Request is duplicative of other Requests made herein.

Subject to and without waiving the foregoing objections, NSL responds that it has produced responsive, non-privileged documents in response to the other Requests made herein.

**REQUEST NO. 14:** A copy of each and every exhibit you intend to use at trial on this matter.

**RESPONSE:** NSL objects that this Request is premature, as the applicable Case Management Plan governs the timing for the disclosure of exhibits. NSL further objects to the extent this Request calls for the mental impressions of counsel or other information protected by the work product doctrine.

Subject to and without waiving the foregoing objections, NSL responds that it will disclose exhibits in accordance with the requirements of the Case Management Plan. Any exhibits to be used at trial will be produced in the course of discovery.

Respectfully submitted,


*/s/ Justin A. Allen*
Bonnie L. Martin, IN 20248-18
Justin A. Allen, IN 31204-49
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
111 Monument Circle, Suite 4600
Indianapolis, IN 46204
Telephone: 317.916.1300
Facsimile: 317.916.9076
*bonnie.martin@ogletree.com*
*justin.allen@ogletree.com*

Attorneys for Defendant
Navient Solutions, LLC f/k/a Navient Solutions, Inc.


## **CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2021, a copy of the foregoing document was served via electronic mail and U.S. First Class Mail on all counsel of record:

Travis W. Cohron
Clark Quinn Moses Scott & Grahn, LLP
320 N. Meridian St., Suite 1100
Indianapolis, IN 46204
tcohron@clarkquinnlaw.com

Guerino Cento
CENTO LAW
5666 Carrollton Ave.
Indianapolis, IN 46220
cento@centolaw.com


*/s/ Justin A. Allen*

45809218.1