

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

111 Monument Circle, Suite 4600
Indianapolis, IN 46204
Telephone: 317-916-1300
Facsimile: 317-916-9076
www.ogletreedeakins.com

Bonnie L. Martin
317-916-2118
bonnie.martin@ogletree.com

April 16, 2021

<u>**Via Email**</u>

| | |
|---|---|
| Travis W. Cohron | Guerino Cento |
| Clark Quinn Moses Scott & Grahn, LLP | CENTO Law |
| 320 N. Meridian St., Suite 1100 | 5666 Carrollton Ave. |
| Indianapolis, IN 46204 | Indianapolis, IN 46220 |
| *tcohron@clarkquinnlaw.com* | *cento@centolaw.com* |

**RE:  Brandon G. Midkiff v. Navient Solutions, Inc.
       Case No.:  1:20-cv-01962-TWP-MJD
       Our File No.:  003445-000368**

Dear Counsel:

This letter responds to yours dated April 14, 2021, and is intended to comply with S.D. Ind. L.R. 37-1 and its requirements for the parties to confer regarding any outstanding discovery disputes prior to seeking judicial intervention.

**Production of Documents Subject to Objections**

As an initial matter, Defendant Navient Solutions, LLC ("NSL") notes that its objections are not "boilerplate," as they are targeted at the objectionable language, scope and content of Plaintiff's requests. NSL's production is thus, necessarily, subject to any of its objections; that is, NSL will not produce documents outside the scope of discovery as articulated in its objections. However, in an effort to resolve any question regarding the universe of documents produced, NSL is willing to revise its responses to provide additional clarification regarding whether documents have been produced in response to a particular request, and will do so on or before April 23, 2021. To be clear, no otherwise responsive documents have been withheld on the basis of privilege.

**Request Nos. 1 and 10**

Request No. 1 sought a "copy of all manuals, memorandum, notices, training materials, or other guidance created, provided, or in effect between August 2019 [sic] relating to Navient's, or Navient's agents and subcontractors, policies and procedures to assure compliance with the Fair Credit Reporting Act, including without limitation its procedures for preventing and correcting the reporting of credit information involving identity theft and to correct credit reports or credit files that include credit information relating to identity theft." Request No. 10 seeks substantially similar

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville ▪ Houston
Indianapolis ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis ▪ Montréal (Canada) ▪ Morristown
Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland, ME ▪ Portland, OR ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

information, but specifies "policies and procedures to assure compliance with 15 U.S.C. § 1681i, including without limitation its procedures for deleting or correcting inaccurate or unverifiable information." (In addition, it appears that some of the documents were more expressly sought in Plaintiff's Request Nos. 25 and 26.) Not only has Plaintiff already deposed a NSL employee regarding such documents over the course of two days and has scheduled a 30(b)(6) deposition, since its initial response, NSL has produced its Fraud Department's procedures for investigating claims of identity theft, and has agreed to supplement such production with the procedures in place during the relevant time period (September 2019-September 2020).

In an effort to resolve any further dispute regarding production of its policies and procedures, NSL will produce its FCRA policies and procedures for the relevant time period (September 2019-September 2020) concerning investigation of disputes and correction of reporting that relate to allegations of identity theft (including any relating to its quality control review in such instances) on or before April 23, 2021. NSL has not identified any additional responsive training materials for the relevant time period.

### E-Mail Correspondence and Notes By or Between Navient and Teleperformance Philippines Regarding Loan at Issue (Request No. 2)

NSL disputes Plaintiff's characterization of Matthew Schatz's testimony as demonstrating that e-mail correspondence or notes would exist by and between NSL and Teleperformance Philippines. To the contrary, Mr. Schatz (a Fraud Department employee, not responsible for responding to credit disputes from CRAs) testified – in his personal capacity and not on behalf of NSL – he had only vaguely heard of Teleperformance, and was not certain what they did for NSL. Nor did Mr. Schatz testify that he (or anyone else in the Fraud Department) corresponded directly with Teleperformance in the handling of Plaintiff's disputes.[1]

Here, Plaintiff's Request is overbroad and unduly burdensome, as it would require NSL to guess what issue the contractor may have had with various CRA disputes relating to Mr. Midkiff, then further guess who within NSL this contractor may have contacted to discuss that particular issue, to be able to conduct a search of that particular NSL employee's e-mail. Short of such a fishing expedition, in an effort to resolve any further dispute, NSL confirms that it has searched for responsive documents and, to date, it has not located any such documents.

We anticipate that the above fully and finally resolves the disputes between the parties, and will provide documents before April 23rd if we are able to do so. Please let us know if you would like to discuss these issues further, or if the parties can confirm with the Magistrate Judge that the conference is no longer needed on Wednesday, April 21st.

---

[1] If you disagree, please direct us to the specific testimony by page and line.

          Very truly yours,

          */s/ Bonnie L. Martin*

BLM
cc: Justin A. Allen, Esq.
   (*via electronic transmission*)

46822121.1